UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23950-BLOOM/Louis

MARK CUHACI,

     Plaintiff,

v.

KOURI GROUP, LP, et al.,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Echemendia's Motion for Leave to File Supplemental Exhibit, ECF No. [22] ("Motion"). Plaintiff filed a response in opposition, ECF No. [25], to which Defendant filed a reply, ECF No. [31]. The Court has considered the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised.

On September 28, 2020, Plaintiff filed a Verified Complaint alleging that he is the equitable owner of 20,000 shares of stock in SpaceX, which stock is nominally held by Defendants. ECF No. [1]. Plaintiff contends that he became the owner of the shares based on certain underlying transactions that occurred in 2012. According to Plaintiff, Defendant Echemendia refuses to turn over the physical stock certificates to Plaintiff or to re-title the shares in his name. The Complaint alleges counts for specific performance (Count I); conversion (Count II); replevin (Count III); tortious interference with contract (Count IV); and declaratory and injunctive relief (Count V). Numerous documents relevant to the parties' dispute are attached to the Complaint, including front-only copies of common stock certificates in SpaceX from January and February 2012 reflecting Greg Kouri Living Trust U/T/D 02/02/2006 and Kouri Group LLC as the record holders

of the shares. ECF No. [1-1]. Notably, the stock certificates state at the very top to "SEE REVERSE SIDE FOR RESTRICTIVE LEGEND(S)," and the certificates also specify that a statement of all "restrictions granted to or imposed upon the respective classes and/or series of shares of stock . . . and upon the holders thereof" may be obtained by any stockholder upon request. *Id.*

On December 3, 2020, Defendant Echemendia moved to dismiss the Complaint. ECF No. [16]. According to her, the Complaint is without merit because any purported sale or transfer of the SpaceX stock to Plaintiff is void as a matter of law based on transfer restrictions on the stock contained in the Common Stock Purchase Agreements. In support, she attached front-and-back copies of SpaceX stock certificates dated March 4, 2020, ECF No. [16-1], in which the certificates' reverse sides state that

> The sale, pledge, hypothecation or transfer of the securities represented by this certificate is subject to, and in certain cases prohibited by, the terms and conditions of a certain common stock purchase agreement. A copy of such common stock purchase agreement will be furnished to the record holder of this certificate without charge upon written request to the secretary of the company and its principal place of business.

ECF No. [16-1] (capitalization altered).

In Defendant Echemendia's view, Plaintiff's "effort to engineer a sale or transfer of SpaceX shares to himself *via* a 'Nominee Agreement' and 'oral agreement' breaches the transfer restrictions of the Common Stock Purchase Agreement and is void as a matter of law." ECF No. [16] at 4-5. She now moves for leave to file a supplemental exhibit to the motion to dismiss. ECF No. [22]. In the Motion, Defendant Echemendia represents that her motion to dismiss attached re-issued 2020 stock certificates (rather than the 2012 certificates) because those were the only certificates in her possession, but that days after filing the motion, she obtained from SpaceX "complete copies of the original stock certificates issued in 2012, the front of which are attached

to [Plaintiff's] Verified Complaint." *Id.* at 1-2. According to her, the language on the reverse of the 2020 certificates and the 2012 copies recently received are "word-for-word identical" and are "exactly the same." *Id.* at 2. Thus, she seeks leave to file complete copies of the original 2012 share certificates, ECF No. [22-1], in support of her motion to dismiss.

Plaintiff opposes, arguing that the proposed supplemental exhibits are outside the four corners of the Complaint and are unauthenticated, and that Defendant Echemendia's declaration and accompanying emails are inadmissible hearsay and should not be considered in deciding her motion to dismiss. ECF No. [25]. Plaintiff maintains that he "cannot concede that the reverse of the 2012 stock certificates is authentic, nor can he confirm the authenticity of any other proposed exhibits." *Id.* at 4. In reply, Defendant Echemendia asserts that Plaintiff fails to demonstrate a genuine dispute as the proposed exhibit's authenticity and that the law supports the Court's consideration of the exhibit at this stage. ECF No. [31].

Upon review, the Court agrees with Defendant Echemendia that leave to file the 2012 stock certificates is appropriate. First, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness out to be considered at the same time." Fed. R. Evid. 106. The Complaint is squarely based on the underlying stock certificates, and Defendant's dismissal arguments are largely founded on the purported transfers or sales of those shares being void based on restrictions reflected on the reverse-side of the stock certificates and in the Common Stock Purchase Agreements. Thus, "in fairness," the Court should consider not only the front of the stock certificates but also the reverse.

Second, the Court is permitted at this stage to consider extrinsic materials where they are central to the plaintiff's claims and are undisputed. *See Maxcess, Inc. v. Lucent Techn., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint

may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (*citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) ("[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. 'Undisputed' in this context means that the authenticity of the document is not challenged.") (internal citation omitted)). As to the first element, it is apparent that the stock certificates are "central" to this lawsuit. As to the second element, although Plaintiff contends that he cannot "concede" that the reverse of the 2012 stock certificates is "authentic," he provides no basis for the Court to conclude that the proposed exhibit is inauthentic.[1]

The proposed exhibit (i) contains the same language as that reflected in the 2020 certificates attached to the motion to dismiss, (ii) is supported by sworn declarations from Defendant Echemendia and her counsel's paralegal, Ms. Reiner, attesting to the exhibit's authenticity, including email chains describing how the certificates were obtained, and (iii) the certificates were ostensibly sent from Sally Weaver at SpaceX, the same individual referenced in the communications between SpaceX and Mr. Greg Kouri, as reflected in ECF No. [1-1] at 5. Beyond Plaintiff's *ipse dixit* that the proposed exhibit is inauthentic, the Court cannot find a genuine challenge to the document's authenticity. *See, e.g., Todd v. Ocwen Loan Servicing, LLC*, No. 17-CV-60454, 2017 WL 1650622, at *4 (S.D. Fla. May 2, 2017) (considering extrinsic document on motion to dismiss where "the Court cannot conclude that Plaintiff has genuinely challenged the authenticity of the Acknowledgment Letter—which indicates that it was sent to Plaintiff rather than Plaintiff's counsel—simply by pointing out the lack of proof of mailing"). Moreover, the

---

[1] "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce sufficient evidence to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Testimony that an item is what it is claimed to be" from a "witness with knowledge" is sufficient to satisfy the requirement of authenticity. *Id.* at Rule 901(b)(1).

Case No. 20-cv-23950-BLOOM/Louis

Court is unconvinced by Plaintiff's argument that the alleged reverse-sides of the 2012 stock certificates are hearsay but somehow the front-sides of the same documents, attached to his Complaint, are not hearsay.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [22]**, is **GRANTED**. Defendant Echemendia shall file the proposed supplemental exhibit as a separate docket entry.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record