UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23950-BLOOM/Louis

MARK CUHACI,

    Plaintiff,

v.

KOURI GROUP, LP, *et al.*,

    Defendants.

_____/

## ORDER IMPLEMENTING FED. R. EVID. 502(d)

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Entry of a Fed. R. Evid. 502(d) Order, ECF No. [63] ("Motion"). Plaintiff and Defendants jointly request entry of an order, pursuant to Fed. R. Evid. 502(d), implementing the protections of non-waiver of privilege protected by the attorney-client privilege or as attorney work-product when information is inadvertently produced, as provided for under that rule upon entry of an appropriate order by the Court. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the parties' Joint Motion for Entry of a Fed. R. Evid. 502(d) Order, **ECF No. [63]**, is **GRANTED.**

The Court notes that Fed. R. Evid. 502(d), "entitled 'Controlling Effect of a Court Order,' provides that '[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court-in which event the disclosure is also not a waiver in any other federal or state proceeding.'" *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-CV-02082, 2013 WL 5332410, at *10 (D. Nev. Sept. 23, 2013) (alterations in original) (quoting Fed. R. Evid. 502(d)).

Federal courts, including those in Florida, routinely enter such orders upon request of the parties. *See, e.g.*, *Sankar v. Napleton's Palm Beach Imports, LLC*, No. 16-CV-80129, 2016 WL 528466, at *1 (S.D. Fla. Feb. 10, 2016); *Rudolph v. Correct Care Sols., LLC*, No. 5:15-CV-317, 2016 WL 1104612, at *1 (N.D. Fla. Mar. 19, 2016); *TracFone Wireless, Inc. v. Urge Mobile, LLC*, No. 16-CV-20655, 2016 WL 4249945, at *1 (S.D. Fla. July 15, 2016); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc*., No. 17-CV-21996, 2017 WL 3671034, at *1 (S.D. Fla. Aug. 9, 2017); *Green v. Am. Modern Home Ins. Co*., No. 14-CV-04074, 2014 WL 6668422, at *5 (W.D. Ark. Nov. 24, 2014) (entering order implementing a "Rule 502(D) Clawback Agreement," as proposed by the Parties.).

Accordingly, it is **ORDERED AND ADJUDGED** that an Order implementing Fed. R. Evid. 502(d) is **ENTERED** as follows:

    **1.**    **No Waiver by Disclosure**

This Order is entered pursuant to Fed. R. Evid. 502(d). Subject to the provisions of this Order, if a Party (the "Disclosing Party") inadvertently discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    **2.**    **Notification Requirements; Best Efforts of Receiving Party**

A Disclosing Party must promptly notify the Party receiving the Protected Information ("the Receiving Party"), in writing, that it has inadvertently disclosed that Protected Information

without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 3—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

3. **Contesting Claim of Privilege or Work Product Protection**

If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within seven calendar days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4. **Stipulated Time Periods**

The Parties may stipulate to extend the time periods set forth in paragraphs 2 and 3 of this Order "unless doing so would violate a Court-ordered deadline, obligation, or restriction," such as the deadline by which all discovery is ordered to be completed.

### 5. Attorney's Ethical Responsibilities

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

### 6. Burden of Proving Privilege or Work-Product Protection

The Disclosing Party retains the burden—upon challenge pursuant to paragraph 3—of establishing the privileged or protected nature of the Protected Information.

### 7. Review *in camera*

Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Protected Information.

### 8. Voluntary and Subject Matter Waiver

This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Fed. R. Evid. 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

### 9. Inapplicability of Fed. R. Civ. P. 502(b)(2)

The provisions Fed. R. Evid. 502(b)(2) are inapplicable to the production of Protected Information under this Order.

Case No. 20-cv-23950-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record