**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23950-BLOOM/Louis**

MARK CUHACI,

    Plaintiff,

v.

KOURI GROUP, LP, *et al.*,

    Defendants.

_____/

**CONFIDENTIALITY AND PROTECTIVE ORDER**

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Court Approval of Confidentiality and Protective Order Pursuant to Fed. R. Civ. P. 26(c), ECF No. [62] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion, **ECF No. [62]**, is **GRANTED.**

The "Eleventh Circuit has created a four factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Consistent with these factors, courts within this District commonly enter confidentiality and protective orders when agreed to by the parties. *See, e.g.*, *Whitwam v. JetCard Plus, Inc.*, No. 14-CV-22320, 2015 WL 1014292, at *1 (S.D. Fla. Jan. 21, 2015) (entering a Stipulated Confidentiality and Protective Order); *Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CV-

GOLD/SIM, 2002 WL 34245136, at *1 (S.D. Fla. Aug. 8, 2002) (same); *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, No. 1:15-CV-24565, 2016 WL 4581320, at *1 (S.D. Fla. Aug. 16, 2016) (same).

Accordingly, it is **ORDERED AND ADJUDGED** that a protective order is **ENTERED** regarding the use and confidentiality of documents, information, and material produced in this litigation as follows:

## 1. Designation of Information as "Confidential"

Any Party[1] to this lawsuit may designate as "Confidential" any information (regardless of form) produced or furnished in this case by the designating Party which the Party in good faith reasonably believes is not generally known to others, and which the designating Party (i) would not normally reveal to third parties except in confidence or has undertaken to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith to constitute or contain trades secrets or other confidential research, development, or commercial information. Any Non-Party[2] who produces information to any Party pursuant to a subpoena or other discovery request may avail themselves of the protections put in place by this Order by designating any such information as "Confidential." The Parties to this lawsuit shall treat any such designation by a Non-Party as if it were made by a Party pursuant to this Order.

---

[1] For the purposes of this Order, "Party" means Plaintiff, Mark Cuhaci, and Defendants, Jean Marie Echemendia and Kouri Group, LP, and any other plaintiff or defendant that later becomes a Party to this action. Two or more Parties may be referred to collectively as "Parties."

[2] For the purposes of this Order, a "Non-Party" shall be defined as any person or entity who is not a Party to this lawsuit, but who is required to produce or otherwise furnish documents or information upon one or more Parties to this action. Two or more Non-Parties shall be referred to collectively as "Non-Parties."

Case No. 20-cv-23950-BLOOM/Louis

## 2. Definition of Confidential Information

As used in this Order, the term "Confidential Information" means information designated as "Confidential," whether the information is in writing, electronically stored or oral if recorded as part of a deposition or court proceeding.

## 3. Identification of Confidential Information

Each Party or Non-Party shall designate to the Parties in this case which information is considered "Confidential" or the words ("Confidential" or "Confidential Information") shall be placed on or affixed to the first page of a document which contains "Confidential Information." In the case of an interrogatory response, the portion of the response which contains "Confidential Information" shall be designated. When information not initially designated as "Confidential" is designated later in writing, each Party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential Information" and otherwise ensure that persons to whom the "Confidential Information" has been disclosed will treat the information as contemplated by the designation.

## 4. Protection of Confidentiality

"Confidential Information," and any notes, summaries, memoranda, exhibits, or other documents which include or describe "Confidential Information," shall be retained by counsel for the Party to whom disclosure of the "Confidential Information" was made (the "Recipient Party") and, except as provided in this Order, shall not be disclosed to any person or used by counsel for any purpose other than for purposes of this case. Persons to whom access to "Confidential Information" is given pursuant to this Order shall keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order.

**5.     Access to Information Designated "Confidential"**

All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents, and all information otherwise obtained by counsel for any Party pursuant to discovery in this case, including, but not limited to documents or information obtained pursuant to a duly issued subpoena or other discovery request, which are designated Confidential, shall be retained by counsel and shall not be disclosed to others (except as set forth below), nor used by anyone other than for purposes of this case. Any such transcripts, exhibits, answers to interrogatories, copies thereof, other documents or information marked "Confidential" may be disclosed by counsel to (i) the lawyers charged with the responsibility for, or actively engaged in, the litigation of this case, as well as their employees and staff to whom it is reasonably necessary to disclose information for purposes of this case; (ii) any litigation assistant or paralegal employed by and assisting counsel, and stenographic, secretarial or clerical personnel employed by and assisting counsel in this case; (iii) any outside expert retained by the Recipient Party to assist that Party's counsel in the litigation of this case or who is expected to testify in this case; (iv) any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by an expert to assist the expert in this case; (v) any court reporter or typist recording or transcribing testimony; (vi) any court personnel, including stenographic, secretarial and clerical personnel; (vii) the Parties to this case and the officers and employees of the Parties whose assistance is necessary in the prosecution or defense of this case; (viii) any witness in the case (whether in preparation for testimony or during testimony); any (ix) Parties associated with an individual or entity retained by counsel for the purposes of assisting with the prosecution or defense of this case, including but not limited to, companies specializing in ESI retention/analysis, third-party document review companies, or other businesses offering services

related to the litigation of this matter.

      **6.    Acknowledgement of Confidentiality for Materials Produced by Subpoenaed Non-Parties**

Before any transcripts of depositions, exhibits, answers to interrogatories, copies thereof, and/or other documents or information, which have been designated as Confidential by a subpoenaed Non-Party, may be disclosed to any person or entity described in items 5(iii) or 5(ix) of this Order, the person or entity to whom the Confidential information is to be disclosed shall sign and return to the Party seeking to engage their services an acknowledgment that states as follows:

> I, _____, hereby acknowledge that I have received a copy of the Confidentiality Agreement and Protective Order, as docketed in the case of *Mark Cuhaci v. Jean Marie Echemendia and Kouri Group, LP,* Case No. 20-cv-23950, pending before the United States District Court for the Southern District of Florida (the "Order"). I agree and acknowledge that I have read the Order and understand the obligations and restrictions imposed upon me thereby, and I agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida with respect to any action or proceeding arising out of, or in any way related to, the enforcement of the Order.

This paragraph shall only apply to materials produced by subpoenaed Non-Parties, which are designated Confidential.

      **7.    Restriction on Use of Confidential Information**

The Parties shall not disclose or make use of any Confidential Information, except for purposes of this case. Such restrictions, however, shall not apply to information which (i) is public knowledge at or prior to disclosure in this case; (ii) becomes public knowledge as a result of publication by someone having right to do so; (iii) was previously known to the receiving Party; or (iv) is later disclosed to the receiving Party by someone having the right to do so.

If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise

embodying Confidential Information, the Party shall make reasonable efforts to provide the producing Party with reasonably sufficient notice under the circumstances to allow the producing Party to move to have the Confidential Information filed under seal in accordance with the applicable federal and local rules.

### 8. Voluntary Waiver

At any time after any information, document, or deposition testimony is designated as "Confidential" under the terms of this Order, the designating Party or Non-Party may agree that the "Confidential Information" may be disclosed.[3]

### 9. Confidential Material Subpoenaed or Ordered Produced in Other Litigation

If any Party receives a subpoena, order, or other directive that compels a disclosure that would be otherwise prohibited by this Order, the receiving Party shall notify the designating Party, by email, promptly after receiving the subpoena, order or directive. Such notification must include a copy of the subpoena, order or directive. The purpose of imposing these duties is to afford the designating Party in this case an opportunity to try to protect any confidentiality interest it may have in the court or with the body from which the subpoena, order or directive was issued.

### 10. Disposition on Termination of this Case

Within sixty days after the final termination of this case and unless the Parties agree otherwise, upon written demand of the producing Party, each Party shall:

    (a)    assemble and make available for return to the designating Party all materials, documents, and transcripts containing "Confidential Information," including all copies thereof; or

---

[3] All issues related to the inadvertent production or disclosure of any privileged material, including but not limited to material protected by the attorney-client or work-product privilege, shall be analyzed and determined according to the subsequent portions of this Order as set forth in the discussion pertaining to Fed. R. Evid. 502(d).

        (b)      destroy all "Confidential Information."

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains "Confidential Information." Any such archival copies that contain or constitute "Confidential Information" shall remain subject to the terms of this Order.

**11.**    **Provision to Seek Court Order**

This Order is without prejudice to the right of any interested Party to apply to the Court for an order permitting disclosure of any "CONFIDENTIAL" information, or to apply for an order modifying or limiting this Order in any respect.

**12.**    **Requests to Declassify Confidential Information**

At any time that a Party believes that a document or information which has been classified as Confidential should be declassified from its Confidential status, counsel for the Party desiring declassification shall notify the designating Party's counsel in writing of its request for declassification. Such request shall particularly identify the Confidential Information that the Party requesting declassification contends is not confidential and the reasons supporting its contentions. The Parties shall attempt in good faith to resolve any such dispute informally. If the Parties cannot resolve the issue of declassification within fourteen days after the Parties' conference, then it shall be the obligation of the Party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The burden to demonstrate that the information identified as "Confidential" is subject to the confidentiality protections contained herein shall be governed by Florida law. If such a motion

is filed, the disputed information shall still be treated as Confidential until the Court rules on the motion. If no motion is made, the information shall continue to be treated as Confidential.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 26, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record