UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-23950-BLOOM/LOUIS

MARK CUHACI,

      Plaintiff,

v.

JEAN MARIE ECHEMENDIA, an
individual, and KOURI GROUP, LP, a
Florida limited partnership,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO STAY DISCOVERY**

    Plaintiff, Mark Cuhaci ("Cuhaci"), responds in opposition to Defendant Jean Marie Echemendia's ("Echemendia") Motion to Stay Discovery Pending Resolution of Motion to Dismiss [ECF No. 75] and Kouri Group, LP's ("Kouri Group") Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss [ECF No. 77][1] (collectively, the "Motions to Stay Discovery"), and states:

**INTRODUCTION**

    This lawsuit concerns 20,000 shares of SpaceX stock ("the Shares") with a current estimated value of more than $12 million. Kouri Group holds the Shares on behalf of Cuhaci pursuant to a Nominee Agreement executed by Cuhaci and Kouri Group in 2012. While the thrust of the action is Cuhaci seeking enforcement of the Nominee Agreement, his Amended Complaint

---

[1] Kouri Group "joins, adopts and incorporates" into its motion the arguments Echemendia sets forth in her motion. [ECF No. 77 at 1]. As such, Cuhaci's response addresses both motions together.

includes alternative claims for unjust enrichment and fraudulent inducement. Defendants have moved to dismiss the Amended Complaint and seek the extraordinary remedy of staying discovery pending the Court's ruling on the Motions to Dismiss.

To put it bluntly, the case law is clear that motions to stay discovery pending the resolution of motions to dismiss are rarely appropriate absent extraordinary circumstances, such as when a motion to dismiss will dispose of the entire case due to some threshold issue, or where defendants would be significantly burdened by lengthy and expensive discovery. That is not the case here. Rather than litigating pursuant to the rules of this Court and the Rules of Civil Procedure, Defendants are instead attempting to stall the start of basic discovery and refusing to review even their own files. This is not a case with multiple gigabytes' worth of documents to review. These are individuals, and an LLC they control, who need to search personal e-mail accounts and files—hardly a burden in a case with more than $12 million in controversy. Defendants have not even come close to meeting their burden of showing good cause and reasonableness for staying discovery, and their motions to stay should be denied.

## ARGUMENT

As this Court has noted, while district courts have broad discretion in managing their dockets, *Datto v. Florida International University Board of Trustees*, No. 1:20-CV-20360, 2020 WL 3576195, at *1 (S.D. Fla. July 1, 2020) (Bloom, J.), "[m]otions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "'[D]iscovery stay motions are *generally denied except where a specific showing of prejudice or burdensomeness is made*.'" *Id.* (quoting *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014

2

WL 2807617, at *2 (S.D. Fla. June 20, 2014)) (emphasis added). The burden is on the moving party to show good cause and reasonableness. *Id.*

I. **The Court Should Deny Defendants' Motions To Stay Discovery Because The Pending Motions To Dismiss Would Not Dispose Of The Entire Case, And Defendants Admit As Much.**

"[A] request to stay all discovery pending resolution of a motion is **rarely appropriate** where resolution of the motion will not dispose of the entire case." *Feldman*, 176 F.R.D. at 652; *see also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (emphasis added) (denying motion to stay discovery where "the Defendant has raised colorable legal defenses, but at the same time the Plaintiff has strong rebuttal arguments that may result in both tort claims surviving a motion to dismiss."); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery where, "[h]aving preliminarily examined the motion to dismiss and the Complaint here, the Court cannot say that this case is surely destined for dismissal. Spirit advances several detailed arguments for dismissal, but Plaintiff also offers several detailed arguments in response."). Here, Cuhaci raised strong, detailed arguments in response to Defendants' Motions to Dismiss. [ECF No. 68]. As such, the Court cannot find "that this case is surely destined for dismissal." *Ray*, 2012 WL 5471793, at *2.

Further, it is incorrect to state, as Defendants have, that "[i]f the transfer restrictions and securities laws do not permit enforcement of the alleged 'Nominee Agreement,' then this case will be disposed of entirely." [ECF No. 75 at 1]. Cuhaci primarily seeks enforcement of the Nominee Agreement. *See* Counts One through Five of the Amended Complaint. [ECF No. 43]. Should the Court find the Nominee Agreement unenforceable, however, Cuhaci seeks relief in the alternative for unjust enrichment and fraudulent inducement. *See* Counts Six and Seven of the Amended

Complaint. [ECF No. 43]. Even if the Court finds, after taking a "preliminary peek" at Defendants' Motions to Dismiss, that the Nominee Agreement is unenforceable, there would still be two claims to litigate.

In fact, Defendants themselves **admit throughout the record** that their Motions to Dismiss would not dispose of the entire case. *See* ECF No. 75 at 1 ("Echemendia's Motion to Dismiss is meritorious and likely to result in dismissal of the case on *several grounds*.") (emphasis added); *Id.* at 1 n.1 ("Moreover, at a *minimum*, the pending Motion to Dismiss will likely substantially narrow the scope of the issues, thereby limiting the extent of relevant discovery necessary to resolve the case.") (emphasis in original); [ECF No. 74 at 9 n.6] ("The only arguable basis for recovery is satisfaction of the $225,000.00 promissory note[.]"). Courts have denied motions to stay discovery based on these types of admissions from defendants. *See S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *2 (denying motion to stay discovery where the "Defendant concedes, as it must, that a limited nature of the contract claim alleged here may be the only thing left after the motion to dismiss is resolved."). Because the resolution of the Motions to Dismiss in Defendants' favor would not necessarily dispose of the case entirely, the Court should deny Defendants' Motions to Stay Discovery.

**II.     Motions To Stay Discovery Pending The Resolution Of Motions To Dismiss Are Only Granted In Extraordinary Circumstances.**

Further, the cases Defendants cite in their Motions to Stay Discovery are distinguishable from the facts of this case and, in fact, support denying Defendants' motions. First, Defendants' reliance on *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), and its progeny is entirely misplaced. *See Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion

to dismiss."). In *Chudasama*, "the court of appeals confronted a very specific situation involving a threefold problem—unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed. . . . Thus, as many district courts have recognized, *Chudasama* involved particularly egregious facts which one hopes will be seldom, if ever, duplicated again." *Ray*, 2012 WL 5471793, at *3.

There is nothing dubious about the claims in this case, which involves a commercial dispute over the enforcement of a contract. *See S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *1 (distinguishing *Chudasama* and denying the defendant's motion to stay discovery where "the issues in the case are in the nature of a run-of-the-mill commercial dispute that would not require a massive amount of discovery. The motion's suggestion that expensive time-consuming discovery is at stake is simply not tenable."). The present case is a similarly "run-of-the-mill" dispute requiring standard discovery that should not be stayed.

Defendants' other cases are also distinguishable because in those cases, the motions to stay discovery were granted for reasons having nothing to do with the facts of this case. *See, e.g.*, *Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620 (S.D. Fla. Aug. 28, 2017) (granting a motion to stay discovery where the entire action may be dismissed because of jurisdictional issues); *Zinn v. SCI Funeral Servs. of Fla., Inc.*, No. 12–80788–CIV, 2013 WL 12080175 (S.D. Fla. Mar. 4, 2013) (granting a motion to stay discovery where the entire action may be dismissed due to lack of standing); *Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (granting a motion to stay discovery where the entire action may be dismissed because of the defendants' judicial immunity); *Pereira v. Regions Bank*, No. 6:12-CV-1383-ORL-22, 2012 WL 5448191 (M.D. Fla. Nov. 7, 2012) (granting a motion to stay discovery where the plaintiffs

5

stated in another filing that the case was dispositive and separately moved to stay all proceedings); *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362 (S.D. Fla. Dec. 10, 2014) (finding the defendant showed good cause and reasonableness for a stay of discovery where responding to plaintiff's discovery requests could require more than one million hours of review). As such, Defendants' cases are not instructive to the Court. In fact, these cases further demonstrate that motions to stay discovery are rarely granted unless it is absolutely clear that the pending motion to dismiss would dispose of the entire case or the burden of discovery would be extreme. Because neither of those situations apply here, the Court should deny Defendants' Motions to Stay Discovery.

### III.    The Court Already Considered And Rejected Defendants' Request To Stay Discovery When It Entered Its Standard Scheduling Order.

Finally, Cuhaci notes that this Court has already considered and rejected Defendants' desire to stay discovery pending the resolution of their Motions to Dismiss in issuing its standard Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge. *See S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *3 ("The allegations in the amended complaint are sufficient to begin the discovery process. That is especially necessary in light of the District Judge's refusal to reschedule the pretrial deadlines at this stage of the case."). *Compare Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-CV-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009) (cited by Defendants in ECF No. 75 at 2) (granting a motion to stay discovery where 1) the motion to dismiss was based on facial challenges to a complaint filed by a "prolific litigator" whose prior actions have "not survived the motion to dismiss stage of the proceedings" and 2) "*the Court has not yet entered a Case Management and Scheduling Order*" so, "should the case proceed, Plaintiffs will likely be provided ample opportunity to conduct discovery and prepare the case for trial") (emphasis added).

The parties' Joint Scheduling Discovery Plan and Scheduling Report requested an additional 60 days to complete discovery, "[p]articularly because Defendants' anticipated motion to stay discovery will likely delay the start of discovery, regardless of how the Court ultimately rules." [ECF No. 39 at 4 n.2]. However, this Court rejected the proposed Joint Scheduling Order and entered its standard Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, setting the discovery deadline to October 5, 2021, instead of the requested deadline of December 3, 2021. [ECF No. 41 at 2]. As such, the Court should deny the Defendants' Motions to Stay Discovery and prevent Defendants from delaying discovery any further.

Cuhaci diligently began the discovery process with the goal of adhering to the Court's scheduling order. Cuhaci has been serving non-party subpoenas since January 2021, and he served his First Requests for Production to Defendants on February 4, 2021, to which Defendants served some responses and voluminous objections. These requests do not require expensive electronic discovery. They require the parties to look in their files for relevant documents, which consist primarily of electronic communications between the parties. Kouri Group has detailed certain logistical issues preventing it from searching for responsive documents pending Andrew Kouri's return to Canada, but Echemendia has refused to do even the most cursory search to produce anything. Cuhaci should not be prejudiced any further by Defendants' delays.

## **CONCLUSION**

For the reasons discussed herein, Cuhaci respectfully requests that this Court reject Defendants' arguments and deny their Motions to Stay Discovery.

Respectfully submitted,

125565809.1

| | |
|---|---|
| Dated: April 19, 2021 | By: */s/ Brianna E. Donet*<br>Merrick L. Gross (FBN 716677)<br>mgross@carltonfields.com<br>Naomi M. Berry (FBN 69916)<br>nberry@carltonfields.com<br>Brianna E. Donet (FBN 1018530)<br>bdonet@carltonfields.com<br>CARLTON FIELDS, P.A.<br>2 MiamiCentral<br>700 NW 1st Avenue, Suite 1200<br>Miami, FL 33136<br>Telephone: (305) 530-0050<br>Facsimile: (305) 530-0055<br><br>*Attorneys for Plaintiff* |

8

125565809.1