**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23950-BLOOM/Louis**

MARK CUHACI,

    Plaintiff,

v.

KOURI GROUP, LP, *et al.*,

    Defendants.

_____/

**OMNIBUS ORDER ON MOTIONS TO STAY DISCOVERY**

**THIS CAUSE** is before the Court upon Defendant Jean Marie Echemendia's ("Echemendia") Motion to Stay Discovery Pending the Resolution of Motion to Dismiss, ECF No. [75], and Defendant Kouri Group, LP's ("Kouri Group") Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss, ECF No. [77] (collectively, "Motions").[1] Plaintiff Mark Cuhaci ("Cuhaci") filed a Response in Opposition, ECF No. [78] ("Response"), to which Echemendia filed a Reply, ECF No. [84] ("Reply"). The Court has carefully reviewed the Motions, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

On January 15, 2021, Plaintiff filed a Verified Amended Complaint, ECF No. [43] ("Complaint"), concerning his purported ownership of 20,000 shares in SpaceX stock ("Shares") held by Kouri Group on behalf of Cuhaci, pursuant to a Nominee Agreement executed in 2012. According to the Complaint, Cuhaci and his lifelong friend, Greg Kouri, ("Mr. Kouri") entered into an agreement whereby Cuhaci would provide Mr. Kouri with $250,000.00 and Mr. Kouri, in

---

[1] Defendant Kouri Group "joins, adopts, and incorporates" the arguments set forth in Echemendia's Motion. ECF No. [77] at 1.

the name of his single-member entity Kouri Group LLC, would purchase 20,000 shares of SpaceX as nominee for Cuhaci. *Id.* ¶¶ 8, 13. Mr. Kouri asked his attorney to prepare a Nominee Agreement and Promissory Note memorializing his agreement with Cuhaci regarding the Shares. *Id.* ¶ 16; *see also* ECF No. [43-1]. Pursuant to the Nominee Agreement, Cuhaci is the "sole legal, beneficial and equitable owner of the Shares" and Kouri Group is "the holder of record of the Shares in name only." ECF No. [43-4] at 1. The Nominee Agreement also provides that "[u]pon the death or incapacity of the Nominee," Andrew Kouri, "Nominee's brother, . . . shall serve as Successor Nominee." *Id.* § 3(A).

On August 11, 2012, before the Nominee Agreement was executed, Mr. Kouri suddenly died. ECF No. [43] ¶ 24. Following his death, on September 19, 2012, the Nominee Agreement was executed by Mr. Kouri's widow, Echemendia, and brother, Andrew Kouri, on behalf of Kouri Group. *Id.* ¶ 25; *see also* ECF No. [43-4]. After relationships with Echemendia has soured, Cuhaci sought to retitle the Shares into the name of Andrew Kouri in accordance with the Nominee Agreement. ECF No. [43] ¶¶ 44, 53. To date, however, "Echemendia has refused to turn over the physical stock certificate or to otherwise cooperate with the retitling of the Shares." *Id.* ¶ 55.

The Complaint asserts the following counts against Kouri Group and Echemendia: Specific Performance against Kouri Group (Count I); Conversion against Echemendia (Count II); Replevin against Echemendia (Count III); Tortious Interference with Contract against Echemendia (Count IV); Declaratory and Injunctive Relief against Kouri Group and Echemendia (Count V); Unjust Enrichment against Kouri Group and Echemendia (Count VI); Fraudulent Inducement against Kouri Group and Echemendia (Count VII). On February 17, 2021, Echemendia and Kouri Group separately moved to dismiss the Complaint, ECF Nos. [58] & [59] (collectively, "Motions to

Dismiss"), to which Plaintiff filed a Response, ECF No. [68], and to which Echemendia and Kouri Group separately filed a Reply, ECF Nos. [74] & [76].

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

Defendants' arguments in favor of staying discovery rest largely on the notion that their Motions to Dismiss have the potential to dispose of the case in its entirety or, at the very least, narrow the issues in dispute. Overall, Defendants' arguments are grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny. In *Chudasama*, the Eleventh Circuit instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins." *Id.* at 1367; *see also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

*Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending

motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, the Motions to Dismiss have been ripe since only April 5, 2021.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately,

the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

Having taken a "preliminary peek" at the pending Motions to Dismiss and related filings, this case does not present the type of an "especially dubious" claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); *Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); *Flecha*, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Here, the Court cannot conclude at this juncture that the Motions to Dismiss will be granted and, even if so, whether such dismissal would be of the Complaint in its entirety and with prejudice. Relatedly, the Court does not find that Defendants have carried their burden to demonstrate good cause and reasonableness. Nor is the Court persuaded that Defendants would be so burdened by engaging in discovery before the Motions to Dismiss are resolved.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF No. [75] & [77]**, are **DENIED**.

Case No. 20-cv-23950-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 13, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record