MARK CUHACI,

     Plaintiff,

v.

KOURI GROUP, LP, *et al.*,

     Defendants.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant Kouri Group, LP's ("Kouri Group") Answer to the Verified Amended Complaint, ECF No. [107] ("Answer"), filed on June 23, 2021. In its Answer, Defendant Kouri Group contests the Court's subject matter jurisdiction and asserts that complete diversity of citizenship is lacking. ECF No. [107] at 12. Specifically, Defendant Kouri Group contends that "[t]here is no diversity among the parties" because "Andrew Kouri, a Canadian, is the general partner of Kouri Investments Limited Partnership which is a partner of Kouri Group, LP" and "[Plaintiff] is also a Canadian." *Id.* The Court has carefully reviewed the Answer, the record in this case, the applicable law, and is otherwise fully advised.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any

time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, the Amended Complaint fails to sufficiently allege the citizenship of Defendant Kouri Group because it "does not identify the members of this [limited partnership] and their respective states of citizenship." *Id.* Rather, the Amended Complaint only alleges that Defendant Kouri Group "is a Florida limited partnership and the successor entity to Kouri Group, LLC, which was a single-member entity." ECF No. [43] ¶ 3. As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

The Court also highlights that Plaintiff's "belief" as to the citizenship of Defendant Echemendia is also insufficient to establish the jurisdictional threshold necessary to invoke this Court's jurisdiction. *See Dockery v. Hartford Ins. Co. of the Midwest*, No. 19-21904-CIV, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (explaining that pleading residency only "upon information and belief . . . does not qualify as a 'fact' establishing jurisdiction. . . . A party's citizenship must be asserted without qualification."); *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165- J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020) ("Allegations premised only on 'information and belief' are plainly insufficient to establish the jurisdictional thresholds necessary to invoke this Court's subject matter jurisdiction.");

*Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-Orl-37DCI, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019) ("alleging citizenship on 'information and belief' is insufficient"); *Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts 'on information and belief.'").

Accordingly, it is **ORDERED AND ADJUDGED** that **on or before July 9, 2021**, Plaintiff shall provide the Court with a detailed statement setting forth the basis for his representation that complete diversity exists between Plaintiff and each Defendant in this case. Failure to comply will result in the imposition of sanctions, including, but not limited to dismissal without prejudice, without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4