UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23950-BLOOM/Louis

MARK CUHACI,

     Plaintiff,

v.

JEAN MARIE ECHEMENDIA,

     Defendant.

_____/

ORDER OF INDICATIVE RULING UNDER
FEDERAL RULE OF CIVIL PROCEDURE 62.1

**THIS CAUSE** is before the Court upon Defendant Jean Marie Echemendia's ("Echemendia") Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [124] ("Motion"), filed on July 29, 2021. On August 19, 2021, Plaintiff Mark Cuhaci ("Cuhaci") filed a Response in Opposition to the Motion, ECF No. [138] ("Response"), to which Defendant filed a Reply, ECF No. [154] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court finds that the Motion should be granted, and this case should be dismissed for lack of subject matter jurisdiction.

However, as explained herein, the Court currently lacks jurisdiction over the Motion because it implicates issues under consideration on appeal. *See* ECF No. [137]. Accordingly, pursuant to Federal Rule of Civil Procedure 62.1 and Eleventh Circuit Rule 12.1-1, the Court respectfully requests that the Eleventh Circuit relinquish jurisdiction so that the Court may grant the relief sought in the Motion. *See Daker v. United States*, 685 F. App'x 791, 792 (11th Cir. 2017) ("Upon consideration of the motion, the district court recognized its possible error. The district

court therefore issued an indicative ruling, stating that if we remanded the case, it would grant [the motion] based upon its possible misconstruction of the record.").

## I.     BACKGROUND

On September 28, 2020, Cuhaci initiated this action against Echemendia and Kouri Group, LP ("Kouri Group"), concerning his purported ownership of 20,000 shares in SpaceX stock ("Shares") held by Kouri Group on behalf of Cuhaci pursuant to a Nominee Agreement executed on September 19, 2012. *See generally* ECF No. [1]; *see also* ECF No. [43] ("Verified Amended Complaint").[1] On February 17, 2021, Echemendia and Kouri Group separately moved to dismiss the Verified Amended Complaint, ECF Nos. [58] & [59] (collectively, "Motions to Dismiss"). On June 2, 2021, the Court entered an Omnibus Order denying the Motions to Dismiss and instructing Echemendia and Kouri Group to file an Answer to the Amended Complaint, ECF No. [99].

On June 23, 2021, Echemendia and Kouri Group filed their respective Answers to the Verified Amended Complaint, ECF Nos. [107] & [108]. In its Answer, Kouri Group challenged the Court's subject matter jurisdiction on the basis that complete diversity of citizenship is lacking. ECF No. [107] at 12. Specifically, Kouri Group explained that "[t]here is no diversity among the parties" because "Andrew Kouri, a Canadian, is the general partner of Kouri Investments Limited Partnership which is a partner of Kouri Group, LP" and "[Plaintiff] is also a Canadian." *Id.*

On June 29, 2021, the Court entered an Order to Show Cause, instructing Cuhaci to provide the Court with a detailed statement setting forth the basis for his representation that complete diversity exists between Cuhaci and each Defendant in this case. ECF No. [109] ("OSC"). Cuhaci

---

[1] In the Verified Amended Complaint, Cuhaci asserts the following claims for relief: Specific Performance against Kouri Group (Count I); Conversion against Echemendia (Count II); Replevin against Echemendia (Count III); Tortious Interference with Contract against Echemendia (Count IV); Declaratory and Injunctive Relief against Kouri Group and Echemendia (Count V); Unjust Enrichment against Kouri Group and Echemendia (Count VI); Fraudulent Inducement against Kouri Group and Echemendia (Count VII).

filed his Response to OSC on July 16, 2021, in which he conceded that there is no diversity of citizenship between himself and Kouri Group, but explained that his claims against Echemendia may nonetheless proceed because Cuhaci and Echemendia are diverse. ECF No. [119] ("OSC Response"). The Court then, admittedly prematurely, dismissed Kouri Group from this action and permitted Cuhaci's claims to proceed against Echemendia only. ECF No. [120] ("Dismissal Order").

On July 29, 2021, Echemendia filed the instant Motion, ECF No. [124], seeking to dismiss this action in its entirety for lack of subject matter jurisdiction. Specifically, Echemendia argues that "[t]he Court cannot cure the lack of diversity merely by dismissing Kouri Group, because Kouri Group [i.e., the owner of the Shares at issue and party to the Nominee Agreement] is an indispensable party." *Id.* at 2; *see also* Fed. R. Civ. P. 19; *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313 (11th Cir. 2017) ("*Thermoset*").[2] Then, on August 18, 2021, Kouri Group filed a Notice of Appeal, ECF No. [137] ("Notice of Appeal"), on the same basis raised in the Motion—i.e., that the Court lacks jurisdiction to entertain this action because Kouri Group is a necessary and indispensable party.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 authorizes district courts to issue an indicative ruling on a pending motion that implicates issues under consideration on appeal. *See* Fed. R. Civ. P. 62.1(a)(3) ("If a timely motion is made for relief that the court lacks authority to grant because of

---

[2] Cuhaci also filed a Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaims, ECF No. [122], arguing that "Kouri Group is a necessary party that is required for the full and fair adjudication of Echemendia's counterclaims and, because Kouri Group cannot be joined without destroying the Court's subject matter jurisdiction, the counterclaims must be dismissed." *Id.* at 8. Notwithstanding his position, Cuhaci maintains in his Response to the Motion that his claims may properly proceed without Kouri Group and adjudicate the claims against Echemendia individually. *See generally* ECF No. [138]. Alternatively, Cuhaci requests leave to file a Second Amended Complaint. *Id.*

an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."). "Rule 62.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission." Fed. R. Civ. P. 62.1 advisory committee's note to 2009 adoption. In these situations, the district court may state that the motion raises a substantial issue and then state the reasons why it would be useful to decide the motion before a decision on the pending appeal. *See id.*

## III.    DISCUSSION

The instant Motion raises the same issue that is currently upon appeal—namely, that the Court committed error in permitting the claims against Echemendia to proceed absent Kouri Group's joinder because Kouri Group is a necessary and indispensable party to this action under Rule 19. *Compare* ECF No. [124], *with* ECF No. [137]. Thus, due to Kouri Group filing its Notice of Appeal, the Court is currently divested of jurisdiction over the Motion. *See Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999))).[3] Notwithstanding the jurisdictional divestiture, pursuant to Rule 62.1, the Court explains how it would rule if the matter was before it upon remand from the Eleventh Circuit.

---

[3] While there are some exceptions to this general rule, the Motion clearly challenges how the Court resolved the jurisdictional issue in this case, which necessarily implicates the subject of Kouri Group's pending appeal. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) ("The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded."); *Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723 (11th Cir. 2016) (same).

### a. Subject Matter Jurisdiction

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." (citations omitted)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[4]

"It is well settled that a jurisdictional defect may be 'cured by the dismissal of the party that . . . destroyed diversity.'" *Landmark Equity II, LLC v. Residential Fund 76*, F. App'x 882, 884

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

(11th Cir. 2015) (quoting *Grupo Dataflux v. Atlas Glob. Grp, L.P.*, 541 U.S. 567, 572 (2004)). Whether a party that destroyed diversity may be dismissed from an action under Federal Rule of Civil Procedure 21 depends on that party's dispensability. *Id.* "If the party is dispensable, the court may dismiss that party and the claims against it and retain jurisdiction over any remaining diverse parties." *Id.*; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."). Yet, "[s]uch power is to be used sparingly, and the court should carefully consider whether one of the parties will be prejudiced by the dismissal." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861 (11th Cir. 2000) (citing *Newman-Green, Inc.*, 490 U.S. at 833).

### b. Federal Rule of Civil Procedure 19

Federal Rule of Civil Procedure 19 sets forth a two-step inquiry to determine whether Kouri Group is an indispensable party to this action. First, the court must decide "whether an absent party is required in the case under Rule 19." *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *2 (S.D. Fla. July 26, 2011) (citing *Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). An absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. *See* Fed. R. Civ. P. 19(a)(1); *see also also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or

whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Second, if the court concludes that an absent party's joinder is required but not feasible—i.e., joinder will defeat the court's subject matter jurisdiction—the court must consider if, "in equity and good conscience" the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."). "Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386, at *2 (S.D. Fla. Aug. 7, 2009) (citing *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003); *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999)).

### i.    Rule 19(a) – Required Party

As a threshold matter, the Court finds that each of the Rule 19(a)(1) factors weigh in favor of finding that Kouri Group is a "required party" to this action. Fed. R. Civ. P. 19(a)(1)(A)-(B). "In cases challenging the enforceability or validity of a contract, joinder of all parties to that contract will typically be required." *Raimbeault v. Accurate Mach. & Tool, LLC*, 684 (S.D. Fla. 2014) (citing *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1156-57 (9th Cir. 2002)). "This is true primarily because the absent contract party has a legally protected interest in the outcome of the litigation." *Id.* Additionally, "non-joinder of a contract-party would

undermine the court's ability to render complete relief among existing parties, since the absent party would not be bound by the court's judgment on the challenged contract. *Id.* (citing *Fireman v. Travelers Cas. & Sur. Co. of Am.*, No. 10-81564-CIV, 2011 WL 743069, at *4 (S.D. Fla. Feb. 24, 2011)). Thus, "[p]arties to a contract are indispensable when a suit concerns the rights and obligations afforded by the contract." *HDR Eng'g, Inc. v. R.C.T. Eng'g, Inc.*, No. 08-81040-CIV, 2010 WL 2402908, at *2 (S.D. Fla. June 15, 2010) (collecting cases); *see also McCray v. Adams*, 529 So. 2d 1131, 1136 (Fla. 1st DCA 1998).

Here, the crux of Cuhaci's claims is that he is the owner of the Shares, which are titled in the name of Kouri Group, pursuant to the Nominee Agreement—i.e., the contract entered into between Cuhaci and Kouri Group, not Echemendia. *See generally* ECF No. [43]. As such, to resolve the instant dispute, the Court will need to adjudicate whether the Nominee Agreement is valid and enforceable, as well as whether Cuhaci is the legal and equitable owner of the Shares. However, non-joinder of Kouri Group would certainly undermine the Court's ability to render complete relief, or any relief at all, as a judgment against Echemendia may not have any preclusive effect on Kouri Group, the absent contracting party. Notably, on July 26, 2021, just one week after Kouri Group's dismissal, Cuhaci filed a separate action against Kouri Group in state court over the *same* injury alleged here. *See* ECF No. [124-1]. In doing so, Cuhaci has effectively conceded that the Court cannot accord complete relief absent Kouri Group's joinder. *See* Fed. R. Civ. P. 19(a)(1)(A).

Nevertheless, in his Response, Cuhaci contends that his claims against Echemendia "for conversion, replevin, tortious interference with contract, declaratory and injunctive relief, unjust enrichment, and fraudulent inducement" may properly proceed without Kouri Group because "[t]hese counts seek relief for Echemendia's *individual* actions, taken without the consent of Kouri

8

Group." ECF No. [138] at 3 (emphasis in original). However, as Echemendia correctly argues, "the claims against Echemendia are inextricably intertwined with Kouri Group's rights and obligations[,]" as the terms of the Nominee Agreement, as well as Kouri Group's ownership of the Shares are directly at issue in each count:

| Count | Allegations |
|---|---|
| **Count II: Conversion** | "Cuhaci is the legal, beneficial and equitable owner of the Shares. As the owner of the Shares, and pursuant to the terms of the Agreement, Cuhaci is entitled to direct any 'assignments, transfers . . . and other agreements . . . in connection with the Shares.'" ECF No. [43] ¶ 72 (citation omitted).<br><br>"By refusing to deliver the physical stock certificate and retitle the Shares, Echemendia is wrongfully detaining the Shares and in doing so, has exceeded the scope of any authority previously granted to Kouri Group regarding possession of the Shares." *Id.* ¶ 74.<br><br>The Nominee Agreement does not authorize Echemendia to deny Cuhaci's ownership of the Shares and, in fact, the Nominee Agreement requires that Echemendia, as comanager of Kouri Group, comply with Cuhaci's instructions. *Id.* ¶ 76.<br><br>Echemendia "claims ownership of the Shares for Kouri Group, and ultimately for the benefit of herself." *Id.* ¶ 78. |
| **Count III: Replevin** | "Cuhaci is the legal and equitable owner of 20,000 shares of SpaceX stock . . . and is entitled to possess the certificate for purposes of effectuating the certificate's retitling, as evidenced by the Nominee Agreement, and the verbal agreement between Cuhaci and Greg." *Id.* ¶ 83. |
| **Count IV: Tortious Interference with Contract** | "The Agreement regarding the ownership of the Shares was originally entered into by Greg and Cuhaci, while Greg was in control of the single-member Kouri Group, LLC." *Id.* ¶ 91.<br><br>"After Greg's death, Echemendia became an agent of Kouri Group as the representative of Greg's estate, and executed the Nominee Agreement, the terms of which explicitly state that Cuhaci is entitled to direct any "assignments, transfers … and other agreements . . . in connection with the Shares.'" *Id.* ¶ 92 (citation omitted).<br><br>"To the extent that Echemendia argues that her refusal is being performed in her role as an agent of Kouri Group, Echemendia's refusal to comply with Cuhaci's instructions concerning the transfer of the Shares is not in the best interests of Kouri Group. To the contrary, |

|  | Echemendia's conduct is a purposeful breach of the Nominee Agreement." *Id. ¶* 96. |
|---|---|
| **Count V: Declaratory and Injunctive Relief** | "Cuhaci is the rightful legal and equitable owner of the Shares." *Id.* ¶ 102.<br><br>"Pursuant to the Nominee Agreement, Cuhaci is entitled to direct any 'assignments, transfers . . . and other agreements . . . in connection with the Shares,' including seeking to retitle the Shares into the name of the Successor Nominee." *Id.* ¶ 105.<br><br>"Echemendia, individually and on behalf of Kouri Group, is intentionally interfering with Cuhaci's ownership of the Shares." *Id.* ¶ 108.<br><br>"A genuine and justiciable controversy exists between Cuhaci, Echemendia, and Kouri Group in that there is a bona fide, actual, present, and practical need for a declaration of the parties' respective rights and obligations as to whether Echemendia and Kouri Group must turn over the physical stock certificate." *Id.* ¶ 109. |
| **Count VI: Unjust Enrichment** | "Cuhaci conferred a benefit on Kouri Group by providing the $250,000.00 consideration for the purchase of 25,000 shares of SpaceX, with the understanding that Kouri Group would hold his 20,000 shares as Nominee and retain the other 5,000 shares." *Id.* ¶ 114.<br><br>"Echemendia, individually and on behalf of Kouri Group, is now refusing to abide by the terms of the Nominee Agreement and is attempting to retain all 25,000 shares for Kouri Group." *Id.* ¶ 116.<br><br>"It would be inequitable for Kouri Group to retain the 25,000 shares without paying the value thereof to Cuhaci" and "it would be further inequitable to allow Kouri Group to retain the 25,000 shares by compensating Cuhaci at the current price because Kouri Group would retain any future increased value of the shares." *Id.* ¶¶ 117-18.<br><br>"Cuhaci requests the Court to impose a constructive trust over the 20,000 shares to which he is entitled under the Nominee Agreement, to restore the 20,000 shares to Cuhaci as the rightful owner and prevent unjust enrichment." *Id.* ¶ 119. |
| **Count VII: Fraudulent Inducement** | "At the time when Echemendia and Andrew signed the Nominee Agreement and the Acknowledgment and Cancellation of Promissory Note, they represented that they were both managers of the Kouri Group LLC with full authority to act on its behalf[.]" *Id.* ¶ 122.<br><br>"Echemendia and Kouri Group are now taking the position that the transfer of the Shares to Cuhaci breaches transfer restrictions . . . and is void." *Id.* ¶ 123. |

| | "By signing the Nominee Agreement and the Acknowledgment of Cancellation of Promissory Note, both Echemendia and Kouri Group misrepresented to Cuhaci . . . that they intended to abide by the express terms of the Nominee Agreement and the agreement that Greg and Cuhaci had made before Greg's death." *Id.* ¶ 126. |
|---|---|
| | "[I]f the Nominee Agreement is found to be void as requested by Kouri Group, based on Echemendia's intentional misrepresentations and omissions, individually and on behalf of Kouri Group, Cuhaci has been damaged by the loss of his $250,000.00 investment, the interest he would have earned thereon, and the gains he would have earned in his investment in SpaceX which is currently valued in excess of $12,272,000.00." *Id.* ¶ 131. |

*See* ECF No. [124] at 5-8. Similarly, Kouri Group is also a "required party" under Rule 19(a)(1)(B)(i) because Kouri Group's absence would have a prejudicial effect on its ability to defend and assert its interests in the Shares, which are at the core of each claim.

Lastly, Kouri Group joinder is required because, due to its interest in this action, both Cuhaci and Echemendia will be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" Fed. R. Civ. P. 19(a)(1)(B)(ii). As noted above, Cuhaci, seemingly recognizing Kouri Group's interest in this action, recently filed a near-identical lawsuit against Kouri Group in state court. *Compare* ECF No. [43], *with* ECF No. [124-1]. Thus, given the two pending suits, there is certainly a substantial risk of inconsistent obligations upon the Court's disposition of the current action. *See Thermoset*, 849 F.3d at 1319 ("[C]lause (a)(1) of Rule 19 was designed to protect not only the interests of the parties, but also the interests of 'the public in avoiding repeated lawsuits on the same essential subject matter.'" (citing Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment)).

### ii.    Rule 19(b) – Indispensable Party

Because the Court finds that Kouri Group is a required party under Rule 19(a)(2), Kouri Group must be joined as a party defendant if feasible. However, as Cuhaci acknowledged, Kouri

Group's presence in this action destroys the Court's diversity jurisdiction. *See* ECF No. [119]; *see also* ECF No. [122] at 7-8. Thus, the Court now turns to the issue of whether Kouri Group is an indispensable party to this action under Rule 19(b).

Rule 19(b) instructs the Court to consider four factors in determining whether "in equity and good conscious, the action should proceed" without Kouri Group:

> (1) the extent to which a judgment rendered in [its] absence might prejudice [Kouri Group] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in [Kouri Group's] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Under the first 19(b) factor, the prejudice to Kouri Group and the existing parties to this action closely parallels the Court's analysis as to whether Kouri Group is a necessary party under Rule 19(a). *See Spear Grp., Inc. v. Fla. Power & Light Co.*, No. 13-80534-CIV, 2014 WL 272724, at *4 (S.D. Fla. Jan. 23, 2014). As discussed above, Kouri Group would be prejudiced absent joinder because a favorable decision for Cuhaci and against Echemendia would necessarily be based on the legal conclusion that Cuhaci has an ownership interest in the Shares, leaving Kouri Group without an opportunity to defend its interests or rights in this action. Additionally, the Court must highlight that because Kouri Group is no longer a party to this action, Cuhaci now takes the remarkable position that Echemendia's counterclaims should be dismissed on the *same* basis asserted here—namely, that "Kouri Group is a necessary [and indispensable] party for the full and fair adjudication" of her claims. ECF No. [122] at 8. However, Cuhaci cannot have it both ways. Echemendia's inability to fully defend herself in Kouri Group's absence is the precise prejudice contemplated by Rule 19(b)(1).

The second Rule 19(b) factor considers "whether there are any available measures for lessening or avoiding the prejudicial effects of rendering a judgment in [Kouri Group's] absence" and "'meshes' with the third factor[,]" the adequacy of a judgment rendered in Kouri Group's absence. *Thermoset*, 849 F.3d at 1319 (citing advisory committee's note to 1966 amendment). In his Response, Cuhaci maintains that his "claims against *only* Echemendia (conversion, replevin, and tortious interference with contract)" shall proceed and, "at the very minimum," his alternative fraudulent inducement claim should "be stayed pending the resolution of Cuhaci's state court claims against Kouri Group[,]" *see* ECF No. [138] at 3.[5]

Yet, accepting Cuhaci's alternative would not only result in multiple lawsuits on the same essential subject matter, but will also run afoul the interest of the public and the courts in the complete and efficient settlement of controversies. And despite Cuhaci's contentions to the contrary, he has already filed suit against Kouri Group in state court arising from the same facts, which effectively demonstrates that Cuhaci cannot obtain complete relief in Kouri Group's absence. Notably, none of these concerns about incomplete relief, inconsistent obligations, or prejudice would be present in single lawsuit in state court. *See Spear Grp., Inc.*, 2014 WL 272724, at *5 ("The public interest in avoiding piecemeal and inefficient litigation is particularly strong where, as here, it is apparent that a state court action could adjudicate the entire controversy.").

Under the fourth Rule 19(b) factor, Cuhaci will have an adequate forum if this action is dismissed. Cuhaci has not argued the inability to obtain complete relief in state court, and the existence of a state court proceeding to which all parties could be joined points in favor of dismissing the entire action instead of proceeding without Kouri Group as a party. Lastly, an

---

[5] As noted above, Cuhaci also requests leave of court to file a Second Verified Amended Complaint to "remove[] the now-moot references to Kouri Group and further tailor[] each count to address Echemendia's individual actions." ECF No. [138] at 7; *see also* ECF No. [138-1].

additional equitable factor that weighs against allowing this action to continue is the fact that Cuhaci had the burden to prove diversity jurisdiction from the outset of this case—"[a]llowing this action to continue without [Kouri Group] would therefore unfairly reward [Cuhaci] for the jurisdictional defect [he] created and should have known about all along." *Thermoset*, 849 F.3d at 1320-21.

Based on the foregoing, the Court indicates that it would grant the Motion, ECF No. [124], should the Eleventh Circuit relinquish jurisdiction. Given that the Motion raises a substantial issue that is currently on appeal coupled with the Court's determination that it lacks subject matter jurisdiction, the Court is powerless to continue. As such, the Court respectfully requests that the Eleventh Circuit relinquish jurisdiction so that the Court may grant the relief sought in the Motion and dismiss this action for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. If the Eleventh Circuit relinquishes jurisdiction, the Court will effectuate its indicative ruling as set forth herein.

2. Proceedings on the Motion, **ECF No. [124]**, together with all other proceedings in this action are **STAYED** pending resolution of, or remand from, the pending appeal.

3. Defendant Echemendia, as the moving party, shall promptly notify the Eleventh Circuit of the entry of this Order, in accordance with Fed. R. Civ. P. 62.1 and Eleventh Circuit Rule 12.1-1.

4. The Clerk of Court shall provide a copy of this Order to the Clerk of Court for the Eleventh Circuit.

Case No. 20-cv-23950-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2021.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

United States Court of Appeals for the Eleventh Circuit

Counsel of Record

15